## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOHN M. DZULA and
JOANNA DZULA,

      Plaintiffs,

vs.                                NO. CIV 08-0079 RB/LFG

UNITED STATES OF AMERICA,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion for Summary Judgment,

filed on October 29, 2008.  Jurisdiction is founded upon 28 U.S.C. § 1331.  Having considered

the submissions of the parties, relevant law, and being otherwise fully advised, Defendant's

Motion for Summary Judgment is **GRANTED**.

I.     **Background.**

During the years 1992-1994, Plaintiff John Dzula earned income as a self-employed

landlord.  He owned various pieces of real estate, and he accrued taxable income from leasing

out apartments on those properties.  In August 1992, Mr. Dzula transferred one of his rental

properties to his ex-wife, Elizabeth Dzula.  The sold property was located at 416 Texas NE,

Albuquerque, New Mexico and was legally described as Lots 9 &10, Blk 29, Mesa Verde,

Bernalillo County, New Mexico.  Mr. Dzula and Elizabeth Dzula represented to Lawyers Title

Insurance Company and United Saving Association of Texas FSB, that Elizabeth Dzula paid Mr.

Dzula $79,850 for the property, $15,970 up front and $63,880 from a mortgage note.[1]

---

[1]Mr. Dzula and Elizabeth Dzula both have admitted that the transaction was a fraudulent
scheme to allow Mr. Dzula to obtain favorable financing on the property.  Elizabeth Dzula later

Mr. Dzula did not report the 1992 sale on his 1992 Form 1040.  The Internal Revenue Service (hereinafter "IRS") discovered the sale and opened examinations of Mr. Dzula's 1992-1994 tax years.  After conducting an audit, the IRS determined that Mr. Dzula owed the following amounts of additional income tax: $35,701 for 1992, $16,660 for 1993, and $9,884 for 1994.[2]  The IRS issued Mr. Dzula a notice of the examination adjustments and tax deficiencies on March 11, 1996.  The deficiency notice advised Mr. Dzula of his right to challenge the adjustments by filing a petition with the U.S. Tax Court.  Mr. Dzula did not file a Tax Court petition.

On August 26, 1998, after discovering that the IRS had filed notices of federal tax liens against him, Mr. Dzula allegedly sent a letter to the IRS in Ogden, Utah, demanding that the tax liens be released.  On December 3, 1999, Mr. Dzula sent another letter to the IRS in Ogden, Utah, to which he attached a copy of the letter he allegedly sent to the IRS on August 26, 1998, disputing the bills he received from the IRS.  On May 12, 2000, the IRS responded to Mr. Dzula's communications advising him that the IRS would not be able to examine his claims unless he filed "complete and correct documentation" and informing him of the applicable statute of limitations.

Mr. Dzula was forced to sell his rental real estate properties in 2005 because of delinquent property taxes and various code violations.  On January 26, 2005 and February 18, 2005, Fidelity National Title Insurance Company–the title company that arranged the sale of Mr.

---

admitted that she did not give Mr. Dzula any money as a down payment.  She transferred the property back to Mr. Dzula by special warranty deed on September 9, 1993.

[2]Mr. Dzula's adjusted tax liabilities were based on income realized on the 1992 real estate sale to Elizabeth Dzula, unpaid self-employment tax, and the disallowance of unsupported business deductions.

Dzula's properties–sent the IRS Mr. Dzula's share of the sales proceeds in order to obtain lien discharges.  The IRS collected a total of $156,670.04 in satisfaction of Mr. Dzula's delinquent 1992-1994 tax liabilities, including penalties and accrued interest.

Mr. Dzula alleges that, on March 1, 2005, he filed refund claims for tax years 1992, 1993, and 1994 by mailing them to the IRS office in Phoenix, Arizona.  The IRS has no record of receiving these refund claims.  The requests that Mr. Dzula alleges he mailed in 2005 include Forms 1040X and Forms 843.  The Forms 1040X include no description of the grounds for refund.  The Forms 843 include short statements.  The alleged 1992 Form 843 refers vaguely to a refinancing. The alleged 1993 and 1994 Forms 843 merely state that the IRS committed an error. The statements provided with Mr. Dzula's alleged requests did not identify any specific deductions, income items, or other adjustments.

On April 11, 2005, the IRS sent Mr. Dzula notices stating that he was entitled to refunds of $560.73 for 1993 and $275.91 for 1994 because the payments sent by Fidelity National Title Insurance Company to the IRS exceeded Mr. Dzula's tax liabilities. On May 19, 2005, Mr. Dzula sent a letter to the IRS office in Ogden, Utah, acknowledging receipt of his refund checks, requesting a copy of his income tax forms for the years 1990-1995, and demanding a refund of $160,000.  The letter asserts that the IRS had made an "incredible mistake," but it did not identify any specific factual or legal grounds upon which the request for a refund was based.

In January 2008, Mr. Dzula sent claims to the IRS that were labeled "Second Notice" of the refund requests that he allegedly sent to the IRS in 2005. Although the forms look similar, include the same numbers and statements as the alleged 2005 requests, and are dated February 2005, a close examination of the forms shows that they could not have been signed or sent in 2005.  Indeed, the revision date listed on the Forms 1040X is February 2007.  On April 9, 2008,

the IRS sent Mr. Dzula notification that his refund request had been disallowed because the

statute of limitations had run.  Mr. Dzula filed this suit on January 22, 2008.

**II.      Summary Judgment Standard.**

      A motion for summary judgment may be granted only when "there is no genuine issue as

to any material fact and ... the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P.

56(c).  "Summary judgment is appropriate 'if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact.'" *Munoz v. St. Mary Kirwan Hosp.*, 221 F.3d 1160, 1164

(10th Cir. 2000).  When applying this standard, the court examines the record and makes all

reasonable inferences in the light most favorable to the non-moving party. *Id.*

      The movant bears the initial burden of establishing that no genuine issue exists as to any

material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "Where the record

taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is

no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574,

587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)).

The movant's initial burden may be discharged by showing there is an absence of evidence to

support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its

burden at the summary judgment stage by identifying a lack of evidence for the non-moving

party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664,

671 (10th Cir. 1998).  Once the movant meets its burden, the burden shifts to the non-moving

party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*,

175 F.3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Munoz,* 221 F.3d at 1164.  It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003).  The substantive law at issue determines which facts are material in a given case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.    Discussion.**

As a preliminary matter, Joanna Dzula has no standing to contest Mr. Dzula's 1992-1994 tax liabilities at issue in this suit. *See Allen v. Wright*, 468 U.S. 737, 751 (1984).  Joanna Dzula was not married to Mr. Dzula during the period of time at issue in this lawsuit, and she could not have filed joint tax returns with Mr. Dzula for the 1992-1994 tax years.  Indeed, she did not marry Mr. Dzula until 2005.  It is irrelevant that, in October 1999, Mr. Dzula transferred to Joanna Dzula, then Joanna Janisz, one of the properties which was later sold to pay off Mr. Dzula's tax liabilities.  At the time when the property was transferred to Joanna Dzula, the IRS had already attached a federal tax lien to the property.  Thus, Joanna Dzula lacks standing to assert a claim in this lawsuit.

Because Mr. Dzula failed to file a proper refund claim, the Court lacks subject matter jurisdiction over his claims.  Pursuant to 26 U.S.C. § 7422(a):

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

IRS regulations set out the following major requirements for a refund claim to be "duly filed": (1) "the claim with appropriate supporting evidence must be filed with the service center serving the internal revenue district in which the tax was paid," and (2) "[t]he claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402-2(a)(2); 26 C.F.R. § 301.6402-2(b)(1).

The refund claims Mr. Dzula allegedly mailed to the IRS in March 2005 did not comply with the requirements of 26 C.F.R. § 301.6402-2.  Mr. Dzula asserts that he mailed the refund claims to an IRS office in Phoenix, Arizona; however, his refund request should have been mailed to the IRS service center in Austin, Texas.  Furthermore, Mr. Dzula's alleged refund requests did not set forth adequate factual or legal grounds to apprise the Commissioner of the basis upon which he was requesting a refund.  Because Mr. Dzula's alleged March 2005 refund requests were not duly filed, the Court lacks subject matter jurisdiction to address Mr. Dzula's claim. *See* 26 U.S.C. § 7422(a). Mr. Dzula's January 2008 refund claims also failed to set forth adequate factual or legal grounds to apprise the Commissioner of the basis upon which he was requesting a refund. *See* 26 C.F.R. § 301.6402-2.  In addition, Mr. Dzula's January 2008 refund requests were filed after the applicable statute of limitations had expired. *See* 26 U.S.C. § 6511;

Mr. Dzula argues that the United States of America is estopped from arguing that this Court lacks jurisdiction due to the fact that his refund requests were not duly filed because the

IRS allegedly received the refund requests and acted on them by issuing Mr. Dzula partial refunds.  Mr. Dzula's estoppel argument fails for a number of reasons. To begin with, it is an open question whether estoppel may ever run against the government. *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 60 (1984).  The Supreme Court has instructed that, if the government may be estopped at all, it may not be estopped on the same terms as other litigants. *Id.*  Indeed, in addition to the other elements of estoppel, a party asserting estoppel against the government must demonstrate that the government engaged in "affirmative misconduct." *INS v. Miranda*, 459 U.S. 14, 17 (1982).  Mr. Dzula has failed to provide any evidence that would support a claim that the government engaged in affirmative misconduct in this case; thus, Mr. Dzula's estoppel claim fails as a matter of law.  Furthermore, it is a question of fact, albeit not a question of material fact, whether the refunds Mr. Dzula received came as a result of his alleged March 2005 submissions or whether the refunds came as a result of Fidelity National Title Company's instruction to the IRS to forward any refund to Mr. Dzula.  Indeed, the IRS has no record of ever receiving his alleged March 2005 refund requests.  Finally, if the Court accepts Mr. Dzula's argument that the IRS accepted, processed, and partially disallowed his 2005 refund requests, then the Court would still be required to dismiss Mr. Dzula's claims because this suit would have been filed after the running of the statute of limitations. 26 U.S.C. § 6532(a).

Mr. Dzula also argues that the Court has subject matter jurisdiction by virtue of the informal claim doctrine.  This argument also fails.  The informal claim doctrine mandates that a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject as being too general or because it does not comply with the formal requirements of the statute and regulations, will nevertheless be treated as a claim where formal

defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period. *U.S. v. Kales*, 314 U.S. 186, 194 (1941). This is especially the case where such a claim has not misled the Commissioner and he has accepted and treated it as such. *Id.* An informal claim must meet each of the three following tests: (1) the claim must provide IRS with notice that the taxpayer is asserting a right to a refund; (2) it must describe the legal and factual basis for the refund; and (3) it must have some written component. *New England Elec. System v. U.S.*, 32 Fed. Cl. 636, 641-42 (Fed. Cl. 1995).  In this case, Mr. Dzula failed to describe the legal and factual basis for his requested refund.  In addition, it is a question of fact, albeit not of material fact, whether the Commissioner accepted or even received his March 2005 refund claim.  Thus, Mr. Dzula's refund requests have failed to meet the requirements of the informal claim doctrine.

**IV.     Conclusion.**

Joanna Dzula lacks standing to assert a claim in this lawsuit, and the Court lacks subject matter jurisdiction over Mr. Dzula's claims.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**